## IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| MARK MCDOWELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. 2:20-cv-00280-JTA |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| PUBLIC HEALTH, | ) | |
| | ) | |
| TERRY BROWN, in his official and | ) | |
| individual capacities, | ) | |
| | ) | |
| MARK SKELTON, in his official and | ) | |
| individual capacities, | ) | |
| | ) | |
| RONALD MCCLENDON, in his | ) | |
| official and individual capacities, | ) | |
| and | ) | |
| | ) | |
| DAVID NEWMAN, in his official and | ) | |
| individual capacities, | ) | |
| | | |
| DEFENDANTS. | | |

### FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Mark McDowell, by and through his undersigned counsel of record, and hereby doth complain and aver against the above-named Defendants, as set forth herein-below.

### I.    NATURE OF THE CASE AND PARTIES

1. This is a civil action for damages, injunctive relief, equitable relief, and other relief against Defendant Alabama Department of Public Health under Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) *et seq*.), as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981(a), 42 U.S.C. § 1201, *et seq*., the Rehabilitation

Act of 1973, 29 U.S.C. §701, *et. seq*, and under section 540, 29 U.S.C.§794, in particular, as wells as under the American with Disabilities Act, 42 U.S.C. §§12101, *et seq*. ("A.D.A.").

2. Plaintiff Mark McDowell (hereinafter "Plaintiff" or "Mr. McDowell"), is a citizen of the United States and a resident of Montgomery, Alabama.  Plaintiff is over the age of nineteen years.

3. Defendant, Alabama Department of Public Health (hereinafter "Defendant" or "ADPH"), is an agency located in Montgomery County, Alabama.  At all times relevant to this complaint, Plaintiff was employed by Defendant.

4. Defendant, Terry Brown, is an employee of Defendant Alabama Department of Public Health.  Defendant Brown serves as the Licensure and Certification Tech Support Manager and is Plaintiff McDowell's direct supervisor.

5. Defendant, Mark Skelton, is an employee of Defendant Alabama Department of Public Health.  Defendant Mark Skelton serves as the I.T. Tech Support Director.

6. Defendant, David Newman, is an employee of Defendant Alabama Department of Public Health. Defendant Newman serves as the Tech Support Help Desk Supervisor.

7. Defendant, Ronal McClendon, is an employee of Defendant Alabama Department of Public Health.  Defendant McClendon serves as the WAN Manager.

## II.    JURISDICTION & VENUE

8. The parties to this action reside in and regularly do business within the jurisdiction of this Court.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1334 (a)(4).

9.  Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2), since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

10. Plaintiff McDowell filed a charge of race discrimination with the EEOC in Birmingham, Alabama, on August 23, 2019.  Plaintiff McDowell received a right-to-sue on January 27, 2020, giving Plaintiff the right to pursue this claim in federal Court for 90 days after said receipt.  (Exhibit A).

### III.    STATEMENT OF FACTS

11. Mr. McDowell is an African-American male.

12. Mr. McDowell is an individual with degenerative discs that limits his mobility. With few and reasonable accommodations, Mr. McDowell can perform all the duties of his job description without hindrance.  Defendant is and was aware of Mr. McDowell's limitations and provided accommodations for him to move equipment throughout its facilities.

13. Mr. McDowell began working with ADHP in 1986 as a laborer in the mailroom under the merit system. Shortly afterward, he was promoted to a computer trainee.

14. Mr. McDowell currently holds the position of Data Processing Specialist and has been so for the past 15 years.  The Data Processing Specialist has been an obsolete position for over several years, yet, Mr. McDowell has not been reclassified.

15. The Data Processing Specialist is one of the lowest, top-out, paying I.T. jobs at ADPH, if not the lowest paying position.  Several years ago, ADPH performed a conversion to move every person in the Data Processing Specialist position over to I.T. Specialist Associates.  That conversion included every single person, **EXCEPT** Mr. McDowell.    The I.T. Specialist Associate position had a top-out

pay of $5,000-$10,000 more a year than Mr. McDowell's current position.  When Plaintiff McDowell questioned this move, Plaintiff McDowell was told by ADPH Human Resources Department that it wanted him to apply for this position.

16. The State Personnel Department classified Mr. McDowell as being in the top 10 of its employees currently registered on the State Registry.

17. Throughout Mr. McDowell's employment, he completed several highly skilled projects to include installing a Wide-Area Network (WAN).

18. Mr. McDowell experience includes, but not exhaustively, the following:

   a. From 1997-2003, Plaintiff McDowell worked as Project Manager on one of the most vital projects to our nation's public health arena, in preparation to fight bioterrorism, namely Electronic Lab Results  ("E.L.R.").  It was part of the Public Health Network System, which itself is the key part of the Public Health Information System Network Management System ("PHINMS) and also part of the Center for Disease Control ("C.D.C.") that is responsible for the transmittal of laboratory results from major laboratories nationwide, to the State Central Office, physicians, hospitals, and the C.D.C. and Prevention.  The E.L.R. Project has moved towards the nation's goal to establish online medical records. Mr. Harrison Wallace, the Director of Infectious Diseases Division, can and will verify Mr. McDowell's work and the fact of him not having ever been selected for a promotion that Plaintiff McDowell disclosed he was interest in.

   b. By the end of 2003, Plaintiff McDowell went to work for the Licensure and Certification Division of ALDPH, where Mr. McDowell's primary responsibility is Minimum Data Set for Centers for Medicaid/Medicare

("M.D.S.") which is where Plaintiff McDowell currently remains.   Mr. McDowell's responsibilities include encrypting data, creating secure communication, and server and client support for companies or clients who submit applications for reimbursement.   Mr. McDowell's job is essentially to secure the servers and/or workstations by encrypting the data.   This is extremely high-tech work, and no one can do it better than him.   In fact, for the State of Alabama, Plaintiff McDowell is the QIES Security Officer.

c.   Plaintiff McDowell also handles the on-guard security system, namely the badge security system, which allows access to the building and parking deck.   This responsibility and all others mentioned above are high-level, skilled positions.   Further, Plaintiff McDowell is frequently called upon to train others and demonstrate the use of applications at the ADPH.

19. As recently as May 2019, Plaintiff McDowell was denied promotions, or at least, not even considered for promotions Plaintiff McDowell applied and/or expressed interest in multiple promotion opportunities in which he was reachable on the State Register.  Less qualified white employees were selected for said promotions.

20. On or about March 15, 2018, Mr. McClendon was promoted into the position of I.T. Specialist, Senior.  Mr. McClendon is a white, non-disabled male employee of Defendant. M.R. McClendon was not reachable on the State register, when he was promoted into the I.T. Specialist, Sr. position on or about March 15, 2018.  Mr. McDowell has been denied the same promotion.

21. In late February or early March of 2019, Mr. McClendon was promoted to a supervisory position, WAN Manager.  Mr. McDowell applied for the job as well.

Mr. McDowell possessed many of the qualifications for the position of WAN manager, was reachable on the State Register and interviewed for the position. Although less qualified, Mr. McClendon was offered the position. Mr. McClendon's lack of technical skills made him dependent upon the people under him. Although his title and position was to supervise those employees, his lack of knowledge and skills with setting up servers, supporting servers, setting and supporting client work stations, where he had no experience or ability, had those employees performing the technical duties of the job he was unable to perform himself.

22. Plaintiff McDowell often inquired about available positions, but Mr. McDowell's inquires would remain unanswered. Further, when Plaintiff McDowell learned of the position being filled by a less qualified white male, he inquired about why he was not given the opportunity. Again, Mr. McDowell's inquiries went unanswered. Plaintiff McDowell had the educational background, technical expertise, and work experience to do the work.

23. On May 6, 2019, Plaintiff McDowell received a Schedule A letter, due to a degenerative disc. An employee or individual seeking a promotion, or to be considered reachable, has "special privileges" and is given an advantage in the selection process when they possess a Schedule A letter/certification indicating the person/employee has a "handicapped" or "disabled" status. Having that Schedule A status qualifies the individual for consideration, under "5 CFR 213.3102 (u), Schedule A Hiring Authority, Appointment for Persons with Disabilities." This would automatically jump the person with the handicap or

disability to the head of the availability list to be chosen for the position to which they applied.

24. Mr. McDowell's knowledge, skills, and longevity alone more than qualify him for any of the positions for which he, Plaintiff McDowell, applied, but Plaintiff McDowell also had the Schedule A letter advantage. This should have qualified him as being a "first pick" of the jobs Plaintiff McDowell had applied for but for which he was denied the opportunity.

25. There were numerous other jobs for which Plaintiff McDowell applied in 2018-2019 and was far better qualified than the white co-employees who received those promotions over him. Those jobs included: (a) the supervisor position, an I.T. Specialist job never offered to him; (b) the County Team Supervisor position, an I.T. Specialist position, never offered to him; (c) the I.T. Specialist position within the Email Division, never offered to him; and (d) an I.T. Specialist position with Network Management, involving switches, hubs, and routers. This position was never offered to Mr. McDowell either. These four job positions have all been promoted within the last six months, and Plaintiff McDowell never received any of these promotions. Plaintiff McDowell was interviewed for two but not the other two. The candidates who got the job were all white, namely, Bradley Baker, Josh McCarthy, Brian Tackits, and Ronnie McClendon.

26. Plaintiff McDowell has repeatedly been denied opportunities for promotion at the ADPH, due to his African-American race. These opportunities for which Plaintiff McDowell was far better qualified should have come Mr. McDowell's way. Unfortunately, Mr. McDowell's race was unacceptable to the superiors whose position it is, and was, to make decisions for promotions within the ADPH.

Further, the federal employees for whom Plaintiff McDowell worked loved him, but their support was inconsequential with Mr. McDowell's white, state managerial superiors at ADPH.

27. Plaintiff McDowell avers that he was subjected in 2018-2019 to a cold and hostile working environment by numerous snide comments towards him and was also being completely ostracized.  He was also sometimes called "half a person" by his supervisor Terry Brown.  Defendant Brown made a comment, "They gave me two spoons when I need two shovels" to Mr. McDowell and another colleague, both of whom had disabilities.

28. Plaintiff McDowell avers that his supervisor has asked him how does he [McDowell] expect to get a promotion when he [McDowell] can't move equipment without the accommodations.

29. Based on the foregoing, Mr. McDowell affirms that he was subjected to illegal race discrimination in violation of Title VII, 42 U.S.C. § 2000(e) and 42 U.S.C. §§1981 and 1981(a).   As a result, Mr. McDowell has lost valuable income and benefits.  Mr. McDowell has also suffered mental and emotional distress with the continuing snide comments, insensitive treatment, and ostracization, and incurred the cost of an attorney's fee.

## IV.    CLAIMS FOR RELIEF

### COUNT I
### RACE DISCRIMINATION
### (in violation of Title VII)

30. Plaintiff McDowell repeats, realleges, and incorporates by reference paragraphs 1 through 29 above, the same as if more fully set forth herein.

31. Plaintiff McDowell further avers that the Defendants' actions towards him violated his right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and 42 U.S.C. §§ 1981 and 1981(a).

32. Plaintiff McDowell is a qualified individual within the meaning of 42 U.S.C.§1981 in that he is an African American individual, he has the requisite education to perform and can perform the essential functions required of an I.T. Specialist, Sr. and WAN Manager.

33. Plaintiff McDowell is and was at all times pertinent hereto, a qualified individual of African-American Descent.

34. Plaintiff McDowell was and is an employee of ADPH within the meaning of 42 U.S.C. §2000(e).  Alternatively, McDowell was an applicant for employment.

35. During February 2019 through August 2019, due to Defendant ADPH racial bias, the ADPH officials failed to promote Mr. McDowell.  Specifically, the ADPH actions included, but not limited to (1) limiting Mr. McDowell in a way that adversely affected his opportunities or status because of his actual black race; and making comments regarding his race such as calling him "half-a-person" (historically contexted in blacks being considered 3/5th a person) and not promoting Mr. McDowell, an otherwise qualified individual, who was an applicant or employee.

36. Plaintiff McDowell has been damaged by ADPH's violation of  Title VII since McDowell has been unable to use his full potential and move up through the ranks within the agency, and has suffered the loss of past and future wages and

benefits, loss of professional opportunities, emotion distress, and mental pain and anguish.

37. Plaintiff McDowell is entitled to his attorney's fees and costs incurred in this matter pursuant to 42 U.S.C. § 2000(e).

38. Plaintiff McDowell is further entitled to any and all relief permitted under Title VII, 42 U.S.C. § 2000(e), including equitable and injunctive relief.

39. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## COUNT II
## RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT
### (In violation of Title VII)

40. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 - 29 above, the same as if more fully set forth herein, and further avers that the Defendants' actions towards him violated his right to be free of a race-based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000(e), et seq.), as amended by the 1991 Civil Rights Act.

41. As specifics for the race-based cold and hostile work environment that Plaintiff suffered, Plaintiff cites the facts set forth particularly in the statement of facts above, paragraphs 1 - 20 above, and adds that said conditions were pervasive.

## COUNT III
## DISABILITY DISCRIMINATION
### (in violation of the Rehabilitation Act)

42. Plaintiff McDowell repeats, realleges, and incorporates by reference paragraphs 1 through 29 above, the same as if more fully set forth herein.

43. Defendant ADPH is an entity that received federal financial assistance and is a covered entity for purposes of §504 of the Rehabilitation Act. As such, ADPH is

prohibited from discrimination against any "qualified individual with a disability."

44. Plaintiff McDowell is and was at all times pertinent hereto, a qualified individual with a disability. Specifically, he was qualified to perform the essential functions required of an I.T. Specialist, Sr. and WAN Manager, with reasonable accommodation.

45. Plaintiff McDowell's disability is a degenerative disc that limits his mobility.

46. ADPH violated Section 504 of the Rehabilitation Act, 29 U.S.C. §794, by denying Mr. McDowell a promotion because of his actual disability, his perceived disability, or his record of impairment.

47. As a result of ADPH's actions, Mr. McDowell has suffered damages including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

48. Plaintiff McDowell is further entitled to any and all relief permitted under the Rehabilitation Act of 1973, 29 U.S.C. §701, *et. seq.*, including equitable and injunctive relief.

49. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## COUNT IV
## DISABILITY DISCRIMINATION
### (in violation of the Americans with Disabilities Act)

50. Plaintiff McDowell repeats, realleges, and incorporates by reference paragraphs 1 through 29 above, the same as if more fully set forth herein.

51. Plaintiff McDowell is a qualified individual within the meaning of 42 U.S.C.§12111(8) in that he has a degenerative disc, the Defendant ADPH's Officials, Defendant Brown, Defendant Skelton, and Defendant Newman

perceived him to have a disability, he has the requisite education to perform and can perform the essential functions required of an I.T. Specialist, Sr. and WAN Manager, with reasonable accommodation.

52. Plaintiff McDowell is and was at all times pertinent hereto, a qualified individual with a disability.  Plaintiff McDowell's disability is a degenerative disc that limits his mobility.

53. Plaintiff McDowell was and is an employee of ADPH within the meaning of 42 U.S.C. §12111(4).  Alternatively, McDowell was an applicant for employment.

54. During February 2019 through August 2019, due to Plaintiff McDowell's perceived disability, the ADPH officials, Defendant Brown, Defendant Skelton, and Defendant Newman failed to promote Mr. McDowell.  Specifically, the ADPH officers' actions included, but not limited to (1) limiting Mr. McDowell in a way that adversely affected his opportunities or status because of his actual or perceived disability within the meaning of §12112(b)(1); and making comments regarding his disability such as inquiring how does he [McDowell] expect to perform duties with his disability and calling him "half-a-person and not promoting Mr. McDowell, an otherwise qualified individual with a disability who was an applicant or employee.

55. Plaintiff McDowell has been damaged by ADPH's Officer's, Defendant Brown, Defendant Skelton, and Defendant Newman, violation of the A.D.A. since McDowell has been unable to use his full potential and move up through the ranks within the agency and has suffered the loss of past and future wages and benefits, loss of professional opportunities, emotion distress, and mental pain and anguish.

56. Plaintiff McDowell is entitled to his attorney's fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

57. Plaintiff McDowell is further entitled to any and all relief permitted under the A.D.A., 42 U.S.C. § 12117(a), including equitable and injunctive relief.

58. Plaintiff avers that he has pursued and exhausted his administrative remedies.

### **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff McDowell respectfully prays that this Court grant the following relief:

a)    Judgment declaring that the Defendants discriminated against Plaintiff, based on Plaintiff's race;

b)    A judgment declaring that the Plaintiff was subjected to an egregious race-based hostile work environment;

c)    Judgment declaring Plaintiff was discriminated against by the Defendants, due to his disability, or the incorrect perception by the Defendants that Plaintiff was disabled;

d)    An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

e)    An award of injunctive and equitable relief, to which Plaintiff would have been entitled, had Plaintiff not been the victim of disability discrimination, effective the date of final judgment;

f)    An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

g)      An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff, so openly tolerated, ratified and acquiesced in by the Defendants' actions;

h)      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

i)      Such further, other and different relief as the Court may deem appropriate and necessary.

## VI.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this **Tuesday, July 14, 2020.**

Mark McDowell, Plaintiff

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com


*/s/Tanika L₂ Finney*
Tanika Finney (ASB-1359-A23B)
Co-counsel for Plaintiff
Law Office of Tanika L. Finney
Of Counsel McPhillips Shinbaum, LLP
516 South Perry Street, Suite 3-A
Montgomery, AL 36104
(334) 603-1353
tanika@tlfinneylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **Tuesday, July 14, 2020**, I caused the foregoing to be filed with the United States District Court for the District of Middle Alabama via the Court's CM/ECF system.

Alabama Department of Public Health
PO Box 303017
Montgomery, AL  36130-3017
Telephone:    334-206-5209
Facsimile:     334-206-3760

Carol Gerard
*carol.gerard@adph.state.al.us*

Dana H. Billingsley
*dana.billingsley@adph.state.al.us*

Tara Armistead
*tara.armistead@adph.state.al.us*

    */s/ Tanika L. Finney*
One of the Attorneys for Plaintiff,
 Mark McDowell

**Of Counsel:**
Julian McPhillips
McPhillips Shinbaum, LLP
516 South Perry Street
Montgomery, AL 36104
Telephone:  (334) 262-1911
julianmcphillips@msg-lawfirm.com

Tanika L. Finney (ASB-1359-A23B)
Law Office of Tanika L. Finney
Of Counsel, McPhillips Shinbaum, LLP
516 South Perry Street, Suite 3-A
Montgomery, AL 36104
Telephone:  (334) 603-1353
Tanika@tlfinneylaw.com